[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 23, 2008
THOMAS K. KAHN
CLERK

No. 07-13722
Non-Argument Calendar
_____

D. C. Docket No. 07-60024-CR-PAS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ADALBERTO DIAZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 23, 2008)**

Before ANDERSON, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Defendant-appellant Jose Adalberto Diaz was indicted for illegal re-entry, in

violation of 8 U.S.C. § 1326. He pleaded guilty without a written plea agreement.

As part of his plea, he admitted that he was a citizen of El Salvador, had been deported from the United States in June 2004, and had been arrested for a traffic violation in the United States in January 2007, at which time he was discovered to be in the country without permission.

The probation officer prepared a presentence investigation report ("PSI"), calculating the adjusted offense level as 21. In calculating Diaz's criminal history as category VI, the probation officer listed prior convictions for burglaries, sale or transportation of controlled substances, possession of marijuana, possession with intent to sell or deliver cocaine, and trafficking in cocaine. Diaz's resulting guidelines range was 77 to 96 months' imprisonment.

Relevant to this appeal, Diaz objected to the PSI calculations as follows: he argued he should receive a downward departure or variance in consideration of the sentencing factors in 18 U.S.C. § 3553(a); his criminal history category over-represented the seriousness of his criminal record; and the court should consider his reasons for illegally re-entering the country, namely that his son was losing his sight in one eye due to a degenerative disease and required medical care.

At sentencing, the court noted that Diaz had been deported in 1988, 1996, and 2004, but this was the first time he had been charged with illegal re-entry. The court acknowledged that Diaz had re-entered in order to attend to his ailing son and

2

to assist in providing care for his children, but found that a sentence at the low end of the guidelines range was fair and reasonable under the § 3553(a) factors. The court explained that it was necessary to promote respect for society's laws, and that Diaz's background made a sentence within the guidelines range reasonable. Although the court briefly considered and intended to apply a downward variance of two months, it concluded that a sentence of 77 months' imprisonment was fair and reasonable. Diaz now appeals, arguing that his sentence was unreasonable because the court failed to consider his motivation for re-entering and placed too much emphasis on the sentencing guidelines, which were merely one factor the court should have considered.

"'In reviewing the ultimate sentence imposed by the district court for reasonableness, [this court] consider[s] the final sentence, in its entirety, in light of the § 3553(a) factors.'" United States v. Valnor, 451 F.3d 744, 750 (11th Cir. 2006) (quoting United States v. Thomas, 446 F.3d 1348, 1349 (11th Cir. 2006)). This reasonableness standard is deferential. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). The Supreme Court recently clarified this standard as a review for abuse of discretion. Gall v. United States, ---U.S. ----, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007). Specifically, the district court must impose a sentence that is both procedurally and substantively reasonable. Id. at 597. When

3

reviewing the sentence for procedural reasonableness, this court must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 128 S.Ct. at 597.

"The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, 127 S.Ct. 2456, 2468 (2007). Generally, when sentencing inside the advisory guideline range, the district court is required neither to state explicitly that it has considered each of the § 3553(a) factors in open court, nor to give a lengthy explanation for its sentence. See United States v. Agbai, 497 F.3d 1226, 1230 (11th Cir. 2007) (citing Rita, 127 S.Ct. at 2468-69).

Substantive reasonableness involves inquiring whether the court abused its discretion in determining that § 3553(a) factors support the sentence in question. Gall, 128 S.Ct. at 597, 600. Pursuant to § 3553(a), the sentencing court shall impose a sentence "sufficient, but not greater than necessary" to comply with the purposes of sentencing listed in § 3553(a)(2), namely reflecting the seriousness of

the offense, promoting respect for the law, providing just punishment for the offense, deterring criminal conduct, protecting the public from future criminal conduct by the defendant, and providing the defendant with needed educational or vocational training or medical care. See 18 U.S.C. § 3553(a)(2). Section 3553(a) also requires the sentencing court to consider the nature and circumstances of the offense, the Guidelines range, and the need to avoid unwarranted sentence disparities. See 18 U.S.C. § 3553(a)(1), (4),(6). Diaz bears the burden of establishing that the sentence is unreasonable. United States v. Bohannon, 476 F.3d 1246, 1253 (11th Cir.), cert. denied, 127 S.Ct. 2953 (2007). We may conclude that a district court abused its discretion if it has weighed the factors in a manner that demonstrably yields an unreasonable sentence. United States v. Pugh, 515 F.3d 1179, 1191(11th Cir. 2008).

Here, upon review of the record, we conclude that the district court did not abuse its discretion, and the sentence imposed was reasonable. The court considered Diaz's motivation, and struggled with whether to impose a downward variance in light of Diaz's son's condition. Upon further consideration, however, the court concluded that a sentence within the guideline range was fair and reasonable and was necessary to promote respect for the law. The court noted that Diaz had a lengthy criminal history and that he had illegally re-entered two times

previously without being charged or convicted. In light of these factors, the court did not abuse its discretion by imposing a sentence at the low end of the guidelines range. See Pugh, 515 F.3d at 1191-1192.

Accordingly, we AFFIRM Diaz's sentence.